UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRANK JUNIOR TATUM,

    Defendant.
_____/

File No. 1:10-CR-160

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter comes before the Court on Defendant Frank Tatum's motion for judgment of acquittal. (Dkt. No. 41.) For the reasons that follow, the motion will be denied.

## I.

Defendant Frank Tatum was convicted by a jury of possession with intent to distribute 100 kilograms or more of marijuana on August 31, 2010. (Dkt. No. 40, Verdict.) Defendant filed his motion for judgment of acquittal on September 10, 2010. (Dkt. No. 41.) The government contends that the motion is time-barred because it was not filed within seven days of the verdict. The amendments to Rule 29 that went into effect on December 1, 2009, expanded the time for filing motions for acquittal. Fed. R. Crim. P. 29. Rule 29 now provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later."

1

Fed. R. Crim. P. 29(c)(1). Contrary to the government's assertions, Defendant's Rule 29 motion, which was filed ten days after the guilty verdict, is timely.

## II.

Defendant's motion for acquittal is based upon his contention that the evidence was insufficient to support his conviction. "In reviewing the sufficiency of the evidence, the relevant inquiry is 'whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Wallace*, 597 F.3d 794, 800 (6th Cir. 2010) (quoting *United States v. Budd*, 496 F.3d 517, 530 (6th Cir. 2007)). "[T]his court may conclude that a conviction is supported by sufficient evidence even though the circumstantial evidence does not remove every reasonable hypothesis except that of guilt." *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (quoting *United States v. Jones*, 102 F.3d 804, 807 (6th Cir. 1996)); *see also United States v. Torres-Ramos*, 536 F.3d 542, 556 (6th Cir. 2008) ("This analysis does not require the removal of every hypothesis except that of guilt."). In light of this standard of review, it has been noted that a defendant "bears a very heavy burden" in making a sufficiency of the evidence challenge to his conviction. *United States v. Davis*, 397 F.3d 340, 344 (6th Cir. 2005) (quoting *United States v. Spearman*, 186 F.3d 743, 746 (6th Cir. 1999)).

Defendant was charged with possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), and 18 U.S.C. § 2. At trial the uncontroverted

evidence showed that Defendant was a passenger in a van containing over 600 pounds of packaged marijuana. Prior to trial, Co-Defendant Dwight George Scott, the driver of the van, pled guilty to a superseding information charging him with interstate travel in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952(a)(3). (Dkt. No. 24, Superseding Information; Dkt. No. 26, Plea Agrm't.) The principal issue at Defendant's trial was whether Defendant knowingly possessed the marijuana, either as a principal or as an aider and abettor. The jury was instructed on the meaning of possession – actual, constructive, and joint – and on the requirements for aiding and abetting. *See* Sixth Circuit Pattern Jury Instructions §§ 2.10, 2.11, 4.01.

Defendant contends that evidence of his mere presence in the van, or even his presence in the van together with his knowledge of illegal activity on the part of Dwight George Scott, was insufficient as a matter of law to permit the charge to go to the jury in the absence of additional evidence of Defendant's active involvement in the offense. Defendant contends that there was no substantial, competent evidence relating to his active participation or encouragement of the criminal venture. *See United States v. Driver*, 535 F.3d 424, 431 (6th Cir. 2008) (holding that to establish aiding and abetting, there must be evidence that the defendant offered assistance or encouragement to his principal in the commission of the substantive offense); *United States v. Pena*, 983 F.2d 71, 72-73 (6th Cir. 1993) ("A generalized belief or suspicion that something illegal is going on is not sufficient for a

rational jury to find that a mere passenger in an automobile is aiding and abetting the delivery of cocaine.").

There was substantial evidence at trial that Defendant was more than a mere passenger in the van. Co-defendant Scott testified that Defendant traveled to Chicago as part of a four-vehicle caravan; that Defendant knew before he left for Chicago that the purpose of the trip was to obtain marijuana for redistribution by Defendant's brother-in-law, Willie Holmes; that upon arriving in Chicago the participants left two minivans in a parking lot and awaited a telephone call; that when Defendant next saw the van, the seats had been removed to make room for a large load; that Willie Holmes instructed Defendant to ride with Scott to "keep an eye on him;" that Defendant knew the load consisted of marijuana; and that there was talk that Defendant might receive some of the marijuana himself.

Scott's testimony, viewed in the light most favorable to the government, was sufficient to permit a reasonable jury to find that Defendant knew what was going on, and intended by his actions to make the illegal venture succeed. *See United States v. Bronzino*, 598 F.3d 276, 279 (6th Cir. 2010) (describing the kinds of evidence that would be sufficient to sustain a conviction for aiding and abetting); *United States v. Pena*, 983 F.2d 71 (6th Cir. 1993), where a passenger in A reasonable jury could find that Defendant helped to facilitate the crime by helping to safeguard the shipment.

The fact that the evidence of Defendant's role in the crime rested primarily on the testimony of a cooperating co-defendant does not undermine the sufficiency of the evidence.

4

As noted in *United States v. Paige*, 470 F.3d 603 (6th Cir. 2006), "[a]ttacks on witness credibility are simple challenges to the quality of the government's evidence and not the sufficiency of the evidence." *Id.* at 608 (quoting *United States v. Sanchez*, 928 F.2d 1450, 1457 (6th Cir. 1991)).

Upon review, the Court concludes that the evidence, viewed in the light most favorable to the government, was sufficient to enable a rational trier of fact to find, beyond a reasonable doubt, that Defendant knowingly possessed the marijuana, either as a principal or as an aider and abettor. Defendant's motion for acquittal will accordingly be denied.

An order consistent with this opinion will be entered.


Dated: October 22, 2010  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE